IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

Nos. 98-60431 and
99-60066
USDC No. 3-94-CV-47
USDC No. 3:95-CV-38
USDC No. 3:93-CR-154-2-S

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

BOBBY EARL KEYS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
--------------------

August 12, 1999

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Bobby Earl Keys, federal inmate #03344-043, appeals the district court's denial of his motions for a new trial filed purportedly under Fed. R. Crim. P. 33, his motions for coram nobis relief (No. 98-60431), and his motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255 motion (No. 99-60066). Keys contends that the Government did not prove that the Medical Branch of the Bank of New Albany was insured by

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Federal Deposit Insurance Corporation at the time of the robbery and that the district court's instructions to the jury that the parties stipulated that the bank was insured removed an essential element of the crime from the jury's determination. We *sua sponte* consolidate the appeals pursuant to Fed. R. App. P. 3(b).

In Keys's October 1996 motion, filed purportedly under Fed. R. Crim. P. 33, he asserted that his trial counsel provided ineffective assistance by failing to object to the "mugshots" which were introduced at trial. Keys does not assert ineffective assistance claims in this court. Keys has not preserved any issue for this court's consideration. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (this court will not raise and discuss legal issues that the appellant has failed to assert).

Keys's Rule 33 motion filed in June 1997 was untimely filed under former Rule 33 and amended Rule 33. The district court did not err in denying relief.

The district court did not err in denying Keys's motions for coram nobis relief. *See United States v. Drobny*, 955 F.2d 990, 996 (5th Cir. 1992) (a writ of error coram nobis is the appropriate procedural vehicle for attacking a conviction when a defendant is no longer in custody). Accordingly, Keys's motion for a certificate of appealability (COA) is DENIED as unnecessary, and his appeal in No. 98-60431 is DISMISSED as frivolous. *See* 5th Cir. R. 42.2.

Keys moves for leave to proceed *in forma pauperis* (IFP) in Appeal No. 99-60066. A movant for IFP on appeal must show that he is a pauper and that he will present a nonfrivolous issue on appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

Keys does not provide argument on any of the issues raised in his § 2255 motion in the district court. Because Keys provides no argument on the only appealable issue, the propriety of the district court's dismissal of his § 2255 motion, he has not established a nonfrivolous issue for appeal. His motion to proceed IFP is DENIED. Keys's appeal is frivolous. Because the appeal is frivolous, the appeal in No. 99-60066 is DISMISSED. *See* 5th Cir. R. 42.2. We caution Keys that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions. To avoid sanctions, Keys is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous.

Keys has filed a myriad of other motions in this court. The motions are DENIED.

APPEAL NO. 98-60431 DISMISSED AS FRIVOLOUS; COA DENIED AS UNNECESSARY; IFP DENIED; APPEAL NO. 99-60066 DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED; ALL OUTSTANDING MOTIONS DENIED.